# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JULIE A. GOLDBERG, et al., | Case No. 2:18-cv-01053-JCM-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket No. 4) |
| WELLS FARGO HOME MORTGAGE, INC, et al, | |
| Defendant(s). | |

Pending before the Court is a motion to seal the complaint and materials submitted in relation to a motion for injunctive relief. Docket No. 4. The motion provides no citation to legal authority, no analysis of any kind, and no identification of the particular information on which the request is based. Instead, the motion relies on *ipse dixit* that some aspects of those filings contain sensitive medical or financial information. Such a motion is woefully deficient. *See* Local Rule 7-2(d) (motions must be supported by points and authorities); *see also Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only address arguments that are meaningfully developed). Accordingly, the motion to seal is **DENIED** without prejudice.[1]

---

[1] Several of the filings in this case were purportedly made on an ex parte basis, including the complaint, but have been served on opposing counsel. *Compare* Docket No. 1 at 1 ("Ex Parte Complaint") *with id.* at 28 (certificate of service on opposing counsel). As such, it does not appear that these filings are actually being made on an ex parte basis. *See, e.g.*, Local Rule IA 7-2(a) ("An ex parte motion or application is a motion or application that is filed with the court but is not served on the opposing or other parties").

1 | The Clerk's Office is **INSTRUCTED** to continue to maintain the subject filings under seal on an interim basis, however, as the Court will afford a further opportunity to demonstrate cause for sealing. To the extent Plaintiffs continue to seek sealing of any of the filings in this case (or seek to redact parts of any of the filings in this case), they must file a motion identifying by page and line each instance of information for which their request is based. The motion must be supported by legal authority that identifies the pertinent standards and explains how they are met with respect to each specific instance of confidential information.[2] The renewed motion to seal shall be filed no later than <u>noon on June 14, 2018</u>. **Failure to file a motion in accordance with the above directives will result in the Court unsealing the filed materials.**

IT IS SO ORDERED.

DATED: June 11, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016) (addressing applicability of "good cause" and "compelling reasons" standards). Lastly, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").